# Sentencing Memorandum

ROTHMAN, SCHNEIDER, SOLOWAY & STERN, LLP
Attorneys at Law
100 Lafayette Street, Suite 501
New York, NY 10013

FRANKLIN A. ROTHMAN							Tel: (212) 571-5500
JEREMY SCHNEIDER							Fax: (212) 571-5507
ROBERT A. SOLOWAY
DAVID STERN

June 15, 2012

BY ECF and Regular Mail

Hon. Barbara S. Jones
United States District Judge
United States Courthouse
500 Pearl Street
New York, New York 10007

Re: United States v. Doffy Felix
    11 Cr. 37 (BSJ)

Dear Judge Jones:

I am the attorney for Doffy Felix who will soon come before you for sentence. Other than as specifically stated herein, I have no objection to the factual recitation or Sentencing Guidelines calculations contained in the Probation Report of Probation Officer Kisha Singleton ("the "PSR"). Because Mr. Felix, who was working for years at a warehouse to support his family, resorted to selling cocaine after suffering a disabling back injury at work, it is respectfully requested that your Honor impose a "non-guidelines" sentence of not greater than thirty months.[1]

Enclosed collectively as Exhibit A are three letters for the reference of the Court -- one from Rose Sharon Felix, my client's wife of 16 years and mother of five of his six children, and two from his sisters, Rosa and Maria Felix, respectively. Attached as Exhibit B is the entirety of Mr. Felix's medical chart from Helen Hayes Hospital in West Haverstraw, New York where Mr. Felix under-

---

[1] The PSR recommends a guideline sentence of 70-87 months, such term to run concurrently to an undischarged term of imprisonment Mr. Felix is now serving for selling cocaine to an undercover police officer in Beacon, New York. That undischarged three year term was imposed on April 19, 2011. (PSR ¶ 59)

Hon. Barbara S. Jones
June 15, 2012
Page Two

went a four and one-half year course of pain management treatment (April, 2006 through November, 2010) to seek relief from severe and chronic back pain. Exhibit C is the Emergency Room treatment record documenting Mr. Felix's workplace injury of February 13, 2006. Exhibit D is Mr. Felix's certificate of completion of a course of drug treatment at the MCC, dated September 22, 2011.

## THE PLEA AGREEMENT AND GUILTY PLEA

On December 22, 2011, Mr. Felix appeared before Magistrate Judge Ronald L. Ellis and, pursuant to a plea agreement with the government, pleaded guilty to one count of conspiring to possess and to possess with intent to distribute less than 500 grams of cocaine. (PSR ¶ 4)

In the plea agreement executed by the parties, it was agreed that neither party could seek a downward departure from the sentencing guideline range but that either party would be free to seek a sentence outside the guideline range "based upon the factors to be considered in imposing a sentence pursuant to Title 18 U.S.C. § 3553(a)." See, Plea Agreement at p. 4.

## WORK PLACE INJURY OF MR. FELIX AND
## SUBSTANTIAL BUT FRUITLESS EFFORTS TO ACHIEVE A CURE

In her letter to the court, Mr. Felix's wife notes the difficulties she is having raising her children in the absence of their father. (See letter of Ms. Felix at page 1). As to the genesis of Doffy's problems, she writes:

> He was always the provider for us. Doffy always worked until he got injured on his job. His back pains due to his injury prevented him from returning to a normal life. Once Doffy got referred by his regular doctor to a pain management program. A very strict program that helped him with the pain but also after a long period of time on the medicine, Doffy became dependent on the morphine he was prescribed. Inevitably, this led to more problems.

Rose S. Felix letter at p. 2.

Indeed the Helen Hayes Hospital chart poignantly tells the story. During his lengthy course of pain management treatment, Mr. Felix underwent six fluoroscopically guided injections of cortico-

Hon. Barbara S. Jones
June 15, 2012
Page Three

steroids into his spine.[2]  For years, he was prescribed large amounts of morphine and other potent medications for the treatment of "neuropathic" pain (i.e., pain due to nerve damage). Eventually, he became addicted to these medications.

After his release from prison in February 2005 following a 4 - 12 year sentence imposed for selling drugs in 2002, Doffy worked continuously and full time for years.  His back was injured early in 2006 and shortly thereafter he began treating at Helen Hayes in April 2006.[3]  At that time, according to the medical chart, he was working full time in a warehouse.  (See April 11, 2006 Clinic Note).  The medical chart clearly records that Doffy worked and lived continuously with pain for years.  For example, the Clinic Note of September 12, 2006 records that Doffy experienced "no relief from bilateral L-2 injections on 8/1/06," that his pain level "is now running 8/10 after medication" and "at work it is running 8 to 9/10."  On July 31, 2007, his Clinic Note states he was working full time installing insulation despite experiencing back pain rated at 6-7/10, and despite being prescribed very large doses of powerful pain medication.  On April 8, 2008, the Clinic Note says that Doffy continued to work full time, that his most recent spinal steroid injections gave him "good relief" for "about two weeks," and that Lyrica -- prescribed for the treatment of neuropathic pain -- was "too sedating" for him to take during the day.  The Clinic Notes of August 26 and December 10, 2008 and April 9 and September 16, 2009 all report that Doffy was working full time operating a forklift, and that he was experiencing greater and more severe and disabling pain with the passage of time.

At his January 20, 2010 clinic visit, Dr. Jonathon Moldover records that Doffy is inquiring when "he can get his next medial branch block [injection]" because his pain is "about the same" as at the last visit, during which he had reported "increased pain in the buttocks, left greater than right, over the past few weeks." (See Clinic Note of September 16, 2009).  By this time in late

---

[2] According to the chart, the injections were administered June 6, 2006, August 1, 2006, February 19, 2008, November 5, 2008, February 18, 2009, and May 20, 2009.

[3] The Helen Hayes chart identifies the date of the back injury as December 1, 2005 (Clinic Note of April 11, 2006), but the Emergency Room record of Saint Luke's Cornwall Hospital records the date as February 13, 2006.

2009, Doffy was being prescribed "Lyrica 150 mg. 1 tablet p.o. [by mouth] every h.s. [hours of sleep, i.e., while sleeping]," and 50 mg. of Lyrica orally twice per day. He also received a prescription for morphine ("MSIR") ["MSIR 30 mg. 1-2 tablets p.o. every 4 hours p.r.n. for pain]" and had been continuously receiving morphine prescriptions since his very first clinic visit in April 2006.

## THE OFFENSE CONDUCT: SELLING DRUGS TO HELP SUPPORT HIS FAMILY

Mr. Felix has pled guilty to an offense which carries no statutory mandatory minimum sentence. His sentencing guidelines range, however, driven by his seven criminal history points and a stipulated guidelines drug quantity of greater than 500 grams but less than two kilograms of cocaine, is 70 - 87 months.

The PSR notes that Doffy's wife does not work due to a "work-related incident that resulted in her not being able to work at this time, and that she supports herself via government assistant [sic] benefits." (PSR ¶ 73) She also receives a Section 8 government subsidy to help pay the rent. (PSR ¶ 73) As of the date of the PSR, she reports "barely making ends meet," and she last worked in 2007. (PSR ¶ 74) Her letter reports that without her husband at home, her children are not behaving and that she "needs his help to get our sons back on track."

Rose Sharon's father, who resides at his daughter's home, describes Doffy as "a good person" and "believes that he probably engaged in this conduct for monetary reason [sic] because he had been terminated from his employment after sustaining a work-related injury." (PSR ¶ 75) He reported to probation that one of Doffy's children has "experienced problems with fighting, not attending school, and runs away from home." (PSR ¶ 75)

It is noteworthy that the drug activity in the instant case, and in the Dutchess County case on which the defendant is now serving a State sentence, both occurred in 2010. (PSR ¶ 60) And while the two cases do not arise from the same course of conduct, both arrests resulted from the identical circumstances which Mr. Felix confronted at the time. By 2010, according to the medical records, the annexed family letters, and the PSR, Doffy and his wife both were unemployed (the last Helen Hayes Hospital chart reference which mentions Doffy's employment is dated September 16, 2009). Also, by that time, Doffy was hopelessly addicted to morphine and other medicine, had for years borne and still suffered

Hon. Barbara S. Jones
June 15, 2012
Page Five

from severe, intractable back pain, and felt great pressure to find a way to contribute to the support of his family. Under these circumstances, he succumbed to the lure of selling cocaine. Obviously, he and his family are now paying a heavy price for his offenses.

But while Mr. Felix's plea agreement stipulates to the (b)(1)(b) drug quantity of more than 500 grams but less than 2 kilograms of cocaine, and Mr. Felix acknowledges and accepts responsibility for the stipulated drug weight, the complaint clearly sets forth the nature of his dealings with the cocaine supplier, "Presidio", which underlies the present indictment. Mr. Felix was not dealing in large quantities of cocaine. His purchases from the supplier, he estimates, totaled approximately 180 grams, which he obtained by traveling to the Bronx to purchase 20 gram quantities at a time, as set forth in the complaint. He acknowledges and accepts responsibility for the fact that the conspiracy may have been involved with more.

## THE SENTENCING GUIDELINES ARE ADVISORY
## AND THE JUST AND REASONABLE SENTENCE IS 30 MONTHS IMPRISONMENT

Pursuant to specific statutory direction, the federal court must impose sentences which are sufficient but "not greater than necessary" to achieve the federal statutory sentencing purposes of just punishment, deterrence, incapacitation, and rehabilitation. 18 USC § 3553(a). And while the sentencing guideline range in this matter is 78 - 87 months, United States v. Crosby, 397 F.3d 103 (2nd Cir. 2005), makes clear that the history and characteristics of the defendant and well as the offense and the guideline range should all be carefully considered by the sentencing judge:

> Prior to Booker/Fanfan, the section 3553(a) requirement that the sentencing judge 'consider' all of the factors enumerated in that section had uncertain import because subsection 3553(b)(1) required judges to select a sentence within the applicable Guidelines range unless the statutory standard for a departure was met. Now with the mandatory duty to apply the Guidelines excised, the duty imposed by section 3553(a) to 'consider' numerous factor acquires renewed significance. Crosby, 397 F.3d at 111.

Pursuant to Booker/Fanfan, the sentencing judge now has a duty

Hon. Barbara S. Jones
June 15, 2012
Page Six

to determine the sentencing guideline range, and to "'consider' it along with all of the factors listed in section 3553(a)." Crosby, 397 F.3d at 112.

    In this regard, the defendant's regrettable medical history, including his years of efforts to continue working with severe back and radiating nerve pain and addiction to morphine, the terrible present state of his family without him at home, and his lack of any history of violence or weapons possession, all combine to make a sentence of thirty months imprisonment concurrent to his undischarged State term one that is "sufficient but not greater than necessary" to achieve the objectives of federal sentencing.[4]

    For all of these reasons, it is respectfully requested that pursuant to 18 U.S.C. § 3553(a), that the Court impose a sentence of not greater than thirty months imprisonment in this matter.

Sincerely,

Robert A. Soloway

cc: AUSA Alvin Bragg

RAS:sc
encl.

---

[4] Were Mr. Felix responsible for more than 100 grams but less than 200 grams of cocaine, his sentencing guidelines range would be 15 after acceptance of responsibility, and his sentencing guideline range in criminal history category IV would be 30 - 37 months.